UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                          Criminal Case No. 16-20172
                                          Honorable Linda V. Parker

KEVONDRICK M. JOHNSON,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE (ECF NO. 57)

Presently before the Court is Defendant's letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c). The statute requires administrative exhaustion before a defendant may come to federal court seeking relief. *Id*. § 3582(c)(1)(A). The defendant may file a motion only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. This exhaustion requirement is mandatory. *See United States v. Alam*, -- F.3d --, 2020 WL 2845694, at *1, 3 (6th Cir. June 2, 2020).

Defendant's submission does not reflect that he has satisfied the statute's exhaustion requirement. The Government has timely objected to Defendant's

failure to exhaust. The Court must therefore dismiss Defendant's request without prejudice. Defendant may return to Court, if necessary, after fully exhausting the BOP's administrative remedies *or* after the lapse of 30 days from the warden's receipt of his request. Any renewed motion must reflect that the administrative exhaustion requirements in § 3582(c)(1)(A) have been satisfied.

Accordingly,

**IT IS ORDERED** that Defendant's letter seeking compassionate release (ECF No. 57) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 22, 2020