UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Criminal Case No. 16-20172
v.                                                  Honorable Linda V. Parker

KEVONDRICK M. JOHNSON,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S EMERGENCY MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE MOTION) (ECF NO. 63)

Presently before the Court is Defendant Kevondrick M. Johnson's Emergency Motion for Reduction in Sentence (Compassionate Release Motion) pursuant to 18 U.S.C. § 3582(c).

A defendant may move for compassionate release under § 3582(c)(1)(A). Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d

1031, 1033 (6th Cir. 1990) (concluding that the burden of proving facts that could decrease a potential sentence fall upon the defendant); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

Defendant seeks compassionate release in light of the novel coronavirus (COVID-19). It is widely acknowledged, based on expert guidance, that there is a greater risk of COVID-19 infection for infected individuals who are 60 years of age or older or who have certain underlying medical conditions. Here, Defendant does not allege to be 60 years of age or older or to have an underlying medical condition. Rather, Defendant argues that "[t]he risk of death engendered by increased exposure to the C[OVID]-19 virus coupled with the disparate medical treatment afforded federal prisoners who become infected constitutes the 'extraordinary and compelling reasons.'" (ECF No. 63 at Pg. ID 404.)

This argument is general and not specific to Defendant's circumstances and, thus, is not an "extraordinary and compelling reason." *See United States v. Adams*, No. 3:16-CR-86-VLB, 2020 WL 3026458, at *3 (D. Conn. June 4, 2020) (finding that, where the defendant "[did] not demonstrate[] that he is at greater risk of experiencing serious complications if he contracts COVID-19 than other inmates," "[t]he simple risk of coronavirus pandemic in an institutional environment is not an

extraordinary or compelling reason warranting release"); *United States v. Kennedy*, No. 1:18CR154-HSO-RHW-1, 2020 WL 3316993, at *3 (S.D. Miss. June 18, 2020) (same). As a court in the Western District of Louisiana recently explained:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. The Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person. The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner.

*United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020).

Because Defendant has not directed the Court to any evidence suggesting that release is warranted due to a family circumstance, or a medical condition or age that places him at greater risk of experiencing serious complications if he contracts COVID-19, the Court denies the requested relief. For this reason, the Court need not opine as to exhaustion or the § 3553(a) factors.

Accordingly,

**IT IS ORDERED** that Defendant's Emergency Motion for Reduction in Sentence (Compassionate Release Motion) (ECF No. 63) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 15, 2020